# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES C. CARR, SR., | : | |
| Plaintiff, | : | Case No. 3:05CV00387 |
| | : | |
| vs. | | District Judge Walter Herbert Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY JAIL, et al., | | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff James C. Carr, Sr., a former prisoner at the Miami County Jail, brings this case *pro se* raising constitutional claims against numerous named defendants concerning certain events that occurred during his imprisonment.

This case is presently before the Court upon Defendants' Motion To Dismiss For Failure To Prosecute (Doc. #23). On August 30, 2006, the Court notified Plaintiff that he was required to respond to Defendants' Motion no later than September 21, 2006, and that his failure to do so may result in the dismissal of his Complaint for failure to prosecute. (Doc. #24). Plaintiff has not responded to Defendants' Motion To Dismiss.

Because Plaintiff has not responded to Defendants' Motion to Dismiss, the factual circumstances described in Defendants' Motion and supporting Exhibits are established. *See*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Doc. #23 at 2-3 (and attached Exhibits). Plaintiff has not provided timely answers to Defendants' First Set of Interrogatories, and Plaintiff did not respond to a July 2006 letter sent to him for the purpose of scheduling his deposition. Plaintiff also did not attend his deposition on August 11, 2006 at 1:30 p.m., despite being given prior notice of it. In light of these circumstances, Defendants seek dismissal of Plaintiff's Complaint pursuant to the Court's inherent power to control its docket or pursuant to Fed. R. Civ. P. 41. Defendants Motion is well taken.

District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Rule 41(b) permits involuntary dismissal when a plaintiff fails to prosecute his or her case or fails to comply with an Order of the Court.

Defendants have established that dismissal of Plaintiffs' Complaint is warranted due to Plaintiff's failure to prosecute his case. Plaintiff has not participated in discovery. He did not submit timely answers to Defendants' First Set of Interrogatories; he did not respond to Defendants' request to schedule his deposition; and he did not attend his deposition, despite being provided prior notice of it. Under these circumstances, and with the record not revealing any significant prosecution of this case by Plaintiff since filing his Complaint in November 2005, some ten months ago, Defendants' Motion to Dismiss For Failure To Prosecute is well taken. *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630-31.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' Motion To Dismiss For Failure To Prosecute (Doc. #23) be GRANTED;

2. Plaintiff James C. Carr, Sr.'s Complaint be dismissed without prejudice; and

3. The case be terminated on the docket of this Court.


September 25, 2006

                                                s/ Sharon L. Ovington
                                                    Sharon L. Ovington
                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).